CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
3/3/2025
LAURA A. AUSTIN, CLERK
BY: s/ CARMEN AMOS
       DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> BRIAN LAMONT TURNER, <br><br> *Defendant.* | CASE NO. 3:24-cr-00008 <br><br> **MEMORANDUM OPINION** <br><br> JUDGE NORMAN K. MOON |

The Defendant, Brian Lamont Turner, filed a motion to seal and to file *ex parte* a motion for subpoenas *duces tecum* under Fed. R. Crim. P. 17(c). Although *ex parte* proceedings are generally disfavored, an *ex parte* process is necessary under these circumstances to protect the Defendant from having to disclose his trial strategy. Accordingly, the Court will grant the motion to seal and file *ex parte*.

This Memorandum Opinion only resolves the issue of whether the Defendant can file his Rule 17(c) motion under seal and *ex parte*. As discussed below, the Court cannot, at this point, address the merits of the underlying Rule 17(c) motion because Fed. R. Crim. P. 17(c)(3) requires victim notification *before* the Court can enter an order approving a subpoena to a third party.

### I. BACKGROUND

The Defendant has filed a motion to seal and file *ex parte* a motion for Rule 17(c) subpoenas *duces tecum*. Dkt. 272. He has also provided the Court with the Rule 17(c) motion. The Defendant argues that the *ex parte* process is necessary because disclosure of the Rule 17(c)

1

motion itself would reveal his trial strategy. Dkt. 272 at 1-2. In his motion to seal and file *ex parte*, the Defendant contends that he wants to subpoena certain materials for the purposes of impeaching one of the Government's adult witnesses in this case and undermining an element of a related count in the indictment against him.[1] *Id*.

The Government argues there are insufficient grounds for the Defendant to proceed *ex parte* and that even if there were sufficient reasons, the subpoena request fails to satisfy the criteria that the United States Supreme Court provided for Rule 17(c) subpoenas in *United States v. Nixon*, 418 U.S. 683 (1974). Dkt. 283 at 5-10. Finally, the Government contends that if the Court allows for the issuance of the subpoenas, then it should also allow the prosecution to inspect the materials. *Id*. at 10-12.

## II. LEGAL STANDARDS

Rule 17(c) of the Federal Rules of Criminal Procedure governs the issuance of subpoenas *duces tecum* in criminal cases. It specifically provides for the following:

> A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

Fed. R. Crim. P. 17(c)(1). This rule "implements the Sixth Amendment guarantee that an accused have compulsory process to secure evidence in his favor." *United States v. Caro*, 597 F.3d 608, 619-20 (4th Cir. 2010) (quoting *In re Martin Marietta Corp.,* 856 F.2d 619, 621 (4th Cir.1988)).

---

[1] The Defendant's motion to seal and file *ex parte* refers to the Second Superseding Indictment. Dkt. 272 at 2. However, the grand jury has since issued a Third Superseding Indictment. Dkt. 297. The Court treats the motion as if it had addressed the more recent indictment because all 16 counts that appear in the Second Superseding Indictment are included in the 20-count Third Superseding Indictment.

However, Rule 17(c) is not a broad discovery device. *Id*. (quoting *United States v. Fowler,* 932 F.2d 306, 311 (4th Cir.1991)). Indeed, Fed. R. Crim. P. 16 provides most of the relevant rules governing discovery and disclosure obligations in criminal proceedings. Thus, "[w]hile Rule 16 of the Federal Rules of Criminal Procedure generally governs discovery procedures in criminal cases, Rule 17(c) allows parties to a criminal trial to use the district court's subpoena power to request materials or testimony from witnesses." *United States v. Sleugh*, 896 F.3d 1007, 1012 (9th Cir. 2018); *see also Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951) ("Rule 17(c) was not intended to provide an additional means of discovery. Its chief innovation was to expedite the trial by providing a time and place before trial for the inspection of the subpoenaed materials.").

All Rule 17(c) subpoenas, regardless of whether they are pursued *ex parte*, must meet certain criteria that the Supreme Court articulated in *United States v. Nixon*, 418 U.S. 683, 699-700 (1974). There, the Court adopted a four-part test for when a subpoena *duces tecum* can be properly issued under Rule 17(c):

> [T]he moving party must show: (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'

418 U.S. at 699-700 (citing *United States v. Iozia*, 13 F.R.D. 335, 338 (S.D.N.Y. 1952)). The Court summarized these criteria as requiring "(1) relevancy; (2) admissibility; (3) specificity." *Id*. at 700; *see also Caro*, 597 F.3d at 620 (summarizing *Nixon*'s requirements); *United States v. Rand*, 835 F.3d 451, 462-63 (4th Cir. 2016) (explaining that *Nixon* provides the correct standard for evaluating subpoenas issued to third parties under Rule 17(c)).

3

Rule 17(c) is silent on whether a court may consider *ex parte* applications for a subpoena *duces tecum*. Neither the Supreme Court nor the Fourth Circuit has addressed this question. Moreover, there is little persuasive precedent from other federal circuits besides general references to the practice. *See United States v. Kravetz*, 706 F.3d 47, 53 n.4 (1st Cir. 2013) ("The text of Rule 17(c) does not expressly prohibit *ex parte* requests for subpoenas, and courts have found them to be permissible"); *Sleugh*, 896 F.3d at 1010 (observing that Rule 17(c) applications "are often filed *ex parte* and under seal").

In the absence of binding authority, the Court notes that Judge Payne's comprehensive opinion in *United States v. Beckford*, 964 F.Supp. 1010 (E.D. Va. 1997) has become a leading district court precedent for the proposition that *ex parte* filings can be permissible under limited circumstances.[2] This Court finds *Beckford* persuasive and relies on its analysis in assessing the Defendant's motion to seal and file *ex parte*. Dkt. 272. In *Beckford*, Judge Payne noted that for a criminal defendant to meet *Nixon*'s requirements for a Rule 17(c) subpoena (relevancy, admissibility, and specificity), he could face the risk of having to disclose trial strategy, witness' identities, or his attorney's work product. 964 F.Supp. at 1027. "If Rule 17(c) were interpreted to force that result, the defendant's 'Sixth Amendment right to compulsory process for obtaining [favorable evidence] would mean little indeed.'" *Id*. (quoting *Smith v. United States,* 312 F.2d 867, 872 (D.C. Cir. 1962) (Wright, J., concurring in part and dissenting in part)). Put differently, this would impose a "Hobson's choice" on a defendant, requiring him to either forego obtaining relevant evidence for his defense or to disclose his case to the Government before trial. *Id*.

---

[2] Several district courts throughout the Fourth Circuit have favorably cited to *Beckford* and relied on its analysis. *See, e.g.*, *United States v. Belcher*, No. 7:23-cr-00045, 2023 WL 8936756, at * 2-4 (W.D. Va. Dec. 27, 2023); *United States v. Bennett*, No. 2:13–cr–00320, 2014 WL 801042, at *3 (S.D. W.Va. Feb. 28, 2024); *United States v. Hamlin*, No. 15-cr-0378, 2016 WL 10880219, at *1 (D. Md. Feb. 8, 2016).

Undoubtedly, "in our system of justice, ex parte judicial proceedings … are greatly disfavored." *RZS Holdings AVV v. PDVSA Petroleo S.A.*, 506 F.3d 350, 356 (4th Cir. 2007). But in the context of issuing subpoenas *deuces tecum* and preparing for trial, the Sixth Amendment right to compulsory process requires that, in certain circumstances, the Court provide an *ex parte* avenue for a defendant to seek a subpoena without disclosing the underlying details to the prosecution. *Beckford*, 964 F.Supp. at 1027. Judge Payne offered the following description of when *ex parte* proceedings are appropriate:

> In those rare situations where mere disclosure of the application for a pre-trial subpoena would: (i) divulge trial strategy, witness lists or attorney work-product; (ii) imperil the source or integrity of subpoenaed evidence; or (iii) undermine a fundamental privacy or constitutional interest of the defendant, the *ex parte* process could be available on a proper showing.

*Id*. at 1030. For example, "where state law enforcement agencies or courts have concluded investigations or proceedings and are not involved in the federal prosecution, subpoenas for those records might be obtainable by *ex parte* process where the requested records are obviously linked to a specific defense theory." *Id*.

A party requesting an *ex parte* process must "meet a heavy burden to proceed in that fashion." *Id*. This burden is met in "circumstances where documents could be expected to be of use to the defense and, as to which, a satisfactory *Nixon* showing could result in the disclosure of the trial tactics, the actual defense to be advanced at trial, or other undue disclosure to the Government." *Id*.

Rule 17(c) also includes a victim notification requirement. Fed. R. Crim. P. 17(c)(3). This provision implements the Crime Victims' Rights Act, 18 U.S.C. §3771, and "provides a protective mechanism when the defense subpoenas a third party to provide personal or

5

confidential information about a victim." Fed. R. Crim. P. 17 advisory committee's note to 2008 amendment. More specifically, this requirement is as follows:

> After a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object.

Fed. R. Crim. P. 17(c)(3). By its plain meaning, the victim notification provision precludes a court from granting a motion to issue a Rule 17 subpoena for personal or confidential information about an alleged victim until the victim has had an opportunity to object to the issuance of the subpoena (unless "exceptional circumstances" are present).

### III. DISCUSSION

As noted above, the Defendant seeks to file his motion for Rule 17(c) subpoenas *ex parte* and under seal. Dkt. 272. The Government contends that the Defendant has not carried his "heavy burden" of showing the necessity of an *ex parte* process and argues that the limited information in the motion to seal and file *ex parte* does not provide enough detail for the Government to effectively respond to the request. Dkt. 283 at 5-8. The case law is unclear on how much specify is required to support a motion to seek a Rule 17(c) subpoena *ex parte*. On the one hand, mere conclusory statements that disclosure of the Rule 17(c) motion will reveal trial strategy is insufficient. *See United States v. Clay*, No. 2:21-cr-00062-01, 2023 WL 3046077, at *2 (S.D. W.Va. Apr. 21, 2023) (finding "an unadorned, conclusory statement" that a Rule 17(c) motion contains "defense strategies" that are "sensitive" is an insufficient justification for proceeding *ex parte*). On the other hand, if the Court requires too much detail in a motion to

6

proceed *ex parte*, then the Defendant may be forced to disclose his case to the Government. This dynamic would impose the Hobson's choice which the *Beckford* court found to merit the availability of an *ex parte* process. 964 F.Supp. at 1027. Thus, "[w]hether *ex parte* process or the sealing of documents is appropriate must necessarily be determined based on the specific circumstances presented in a particular case." *Id*. at 1029.

      Here, the Defendant meets his burden to proceed *ex parte*. The motion to proceed *ex parte* provides more than just a mere reference to trial strategy as a justification for the motion. Instead, the motion discusses how the Defendant desires to file his motion for the issuance of Rule 17(c) subpoenas because he believes that there is information that would undermine the credibility of one of the Government's witnesses and affirmatively establish facts that contradict an element in one of the counts against him. Dkt. 272 at 5-6. The Defendant also alleges that the Government is unaware that this information exists. *Id*. at 6. To be sure, the motion discusses the subpoena request in a somewhat general manner – it does not provide the Government with detailed notice of the specific witness who the Defendant wishes to impeach, nor does it address the count of the indictment that he wishes to negate. Understandably, the limited detail in the motion makes it difficult for the Government to fully evaluate the *ex parte* request and the propriety of the subpoenas in its briefing. Still, based on the Court's review of the underlying Rule 17(c) motion and the Defendant's precise reasons for the subpoenas provided therein, the Court finds that requiring additional detail in the motion to seal and file *ex parte* would risk improperly forcing the Defendant to divulge his specific defense theory and trial strategy. Accordingly, the Court will proceed to consider, *ex parte*, the Defendant's motion for a Rule 17(c) subpoenas *duces tecum*.

This ruling should not be read as opening the door for any party in any criminal prosecution to merely invoke trial strategy to justify *ex parte* processes. The Government argues that granting the Defendant's motion to seal and file *ex parte* his motion for Rule 17(c) subpoenas *duces tecum* presents the risk that the exception (allowing for an *ex parte* filing) will swallow the normal rule against *ex parte* proceedings. However, a few factors guard against the abuse of *ex parte* Rule 17(c) requests. The first is that a court generally considers such requests in conjunction with the underlying motion for a subpoena. It will often be obvious when a party is improperly invoking broad "trial strategy"-related rationales for fishing expeditions or other improper uses of Rule 17(c) subpoenas that are curtailed by the *Nixon* factors. Second, the decisional process itself – of requiring a party seeking an *ex parte* subpoena to provide rationales for the request and of giving the opposing party an opportunity to respond (albeit sometimes with limited information about the exact nature of the movant's underlying Rule 17(c) motion) – requires that *ex parte* processes only be conducted after careful consideration.[3]

The Government raises another concern about whether the "exceptional circumstances" required for *ex parte* motions are undercut by the fact that an alleged victim whose records are requested by the Defendant (and who receives a notice required by Fed. R. Crim. P. 17(c)(3)) could simply inform the Government about the existence and content of the subpoenas. Dkt. 283

---

[3] Judge Payne offered some similar observations in *Beckford*:

> For the most part, a party seeking an *ex parte* pre-trial subpoena duces tecum will be able to serve a motion on the adversary asking that the subpoena ultimately be issued *ex parte* and explaining why it is necessary to proceed *ex parte*. That affords the opposing party an opportunity to be heard on the need for the *ex parte* procedure. … Of course, that route will require lawyers to write more precisely than usual and to think through their reasons for proceeding *ex parte*. That, however, is a salutary development. The by-product inevitably will be that, upon careful analysis, most lawyers will realize that they cannot satisfy these requirements or those of *Nixon* and *ex parte* applications will be filed rarely and likely will be granted less frequently. Of course, that is as it should be.

964 F.Supp. at 1030-31.

at 7. The Defendant's motion to seal and file *ex parte* notes that Fed. R. Crim. P. 17(c)(3) is applicable here. Dkt. 272 at 6-7. It is certainly possible that the alleged victim may inform the Government about the subpoenas. The alleged victim may also "move to quash or modify the subpoena or otherwise object." Fed. R. Crim. P. 17(c)(3). Even so, the Government's argument fails to account for how the *ex parte* filing of a Rule 17 motion protects the substance of a defendant's trial strategies from disclosure. As the Defendant points out in his motion to seal and file *ex parte*, he seeks evidence to impeach a witness and establish facts that contradict an element in one of the charged offenses. Dkt. 272 at 5. Because a Rule 17(c) motion contains arguments about how the motion meets the *Nixon* factors – and these arguments can, as they do here, paint a picture of a specific defense theory – the fact that some information in the Rule 17(c) motion may later be revealed to the opposing party does not negate the need for the Rule 17(c) motion itself to be *ex parte*.

The Court is aware of other issues that the Government raises about the Defendant's motion for Rule 17(c) subpoenas, including whether the motion meets the *Nixon* requirements. Dkt. 283 at 9-10. At this juncture, however, the Court need not weigh in on the merits of the underlying Rule 17(c) motion. Instead, one more step – victim notification – must occur before the Court addresses the propriety of the requested subpoenas. Without disclosing the details of the Rule 17(c) motion, the Court notes that the Defendant seeks "personal or confidential information" related to an alleged victim and that the provisions of Rule 17(c)(3) apply.[4] After the alleged victim has an opportunity to object to the requested subpoenas, the Court will rule on the Defendant's Rule 17(c) motion.

---

[4] The Defendant has not argued that "exceptional circumstances" should prevent giving notice to the alleged victim pursuant to Fed. R. Crim. P. 17(c)(3).

## CONCLUSION

For the reasons provided above, the Court will issue an accompanying order granting the Defendant's motion to seal and file *ex parte* his motion for Rule 17(c) subpoenas *duces tecum*. Dkt. 272. The Court will also set deadlines for the victim notification required under Rule 17(c)(3).

Entered this 3rd day of March, 2025.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE