CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
April 08, 2025
LAURA A. AUSTIN, CLERK
BY: s/ D. AUDIA
   DEPUTY CLERK

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF VIRGINIA
### CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>BRIAN LAMONT TURNER,<br><br>*Defendant.* | CASE NO. 3:24-cr-00008<br><br>**MEMORANDUM OPINION**<br><br>JUDGE NORMAN K. MOON |

The Defendant, Brian Lamont Turner, moves for the issuance of subpoenas *duces tecum* under Fed. R. Crim. P. 17(c). Dkt. 338. The Court previously authorized the Defendant to file his motion *ex parte*. Dkt. 336. However, it did not address the motion's merits because Rule 17(c) requires that an alleged victim have an opportunity to object before the Court allows a party to subpoena the victim's personal or confidential records. Although the alleged victim has since objected, the Court finds that the requested subpoenas are not unreasonable or oppressive. Accordingly, the Defendant's motion is granted.

## I. BACKGROUND

In a Memorandum Opinion issued March 3, 2025, the Court granted the Defendant's motion to file his motion for Rule 17(c) subpoenas *duces tecum* ("Rule 17(c) Motion") *ex parte*. Dkt. 336. As noted below, a Rule 17(c) motion requires the movant to make several showings consistent with criteria set forth in *United States v. Nixon*, 418 U.S. 683, 699-700 (1974). Although a party bears a "heavy burden" to proceed in an *ex parte* manner, that burden is met in "circumstances where documents could be expected to be of use to the defense and, as to which,

1

a satisfactory *Nixon* showing could result in the disclosure of the trial tactics, the actual defense to be advanced at trial, or other undue disclosure to the Government." Dkt. 336 at 5 (quoting *United States v. Beckford*, 964 F.Supp. 1010, 1030 (E.D. Va. 1997)). Because disclosure of the Defendant's underlying Rule 17(c) Motion would divulge a specific defense theory and trial strategy, the Court held that he could file his motion *ex parte*. *Id*. at 7.

Nevertheless, the Court did not reach the merits of the Defendant's Rule 17(c) Motion because of Fed. R. Crim. P. 17(c)(3)'s victim notification requirement. This provision requires that an alleged victim whose personal or confidential information is sought by a Rule 17(c) subpoena *duces tecum* be provided notice of the pending motion so that he or she may "move to quash or modify the subpoena or otherwise object" before the Court approves such a subpoena.

After receiving the required notice from defense counsel, the alleged victim whose records the Defendant seeks mailed a brief handwritten letter to the Court to ask that her medical records not be released. Dkt. 352.

Now that the alleged victim has had an opportunity to object to the issuance of the requested subpoenas, the Court may rule on the Defendant's motion.

## II. LEGAL STANDARDS

Rule 17(c) of the Federal Rules of Criminal Procedure governs the issuance of subpoenas *duces tecum* in criminal cases. It specifically provides for the following:

> A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

Fed. R. Crim. P. 17(c)(1). This rule "implements the Sixth Amendment guarantee that an accused have compulsory process to secure evidence in his favor." *United States v. Caro*, 597 F.3d 608, 619-20 (4th Cir. 2010) (quoting *In re Martin Marietta Corp.,* 856 F.2d 619, 621 (4th Cir. 1988)). However, Rule 17(c) is not a broad discovery device. *Id*. (quoting *United States v. Fowler,* 932 F.2d 306, 311 (4th Cir. 1991)). Indeed, Fed. R. Crim. P. 16 provides most of the relevant rules governing discovery and disclosure obligations in criminal proceedings. Thus, "[w]hile Rule 16 of the Federal Rules of Criminal Procedure generally governs discovery procedures in criminal cases, Rule 17(c) allows parties to a criminal trial to use the district court's subpoena power to request materials or testimony from witnesses." *United States v. Sleugh*, 896 F.3d 1007, 1012 (9th Cir. 2018); *see also Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951) ("Rule 17(c) was not intended to provide an additional means of discovery. Its chief innovation was to expedite the trial by providing a time and place before trial for the inspection of the subpoenaed materials.").

A Court may quash or modify a subpoena if compliance would be "unreasonable or oppressive." Fed. R. Crim. P. 17(c)(2). In *United States v. Nixon*, the Court held that a Rule 17(c) subpoena *duces tecum* is unreasonable or oppressive unless the party seeking it can satisfy four criteria:

> [T]he moving party must show: (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'

418 U.S. at 699-700 (citing *United States v. Iozia*, 13 F.R.D. 335, 338 (S.D.N.Y. 1952)). The Court summarized these requirements as "(1) relevancy; (2) admissibility; (3) specificity." *Id*. at

3

700; see also *Caro*, 597 F.3d at 620 (summarizing *Nixon*'s requirements); *United States v. Rand*, 835 F.3d 451, 462-63 (4th Cir. 2016) (explaining that *Nixon* provides the correct standard for evaluating subpoenas issued to third parties under Rule 17(c)).

### III. DISCUSSION

**A. The Defendant satisfies the *Nixon* requirements**

The Defendant's Rule 17(c) Motion meets *Nixon*'s requirements. Although one of the Defendant's alleged victims timely objected to the issuance of the subpoenas pursuant to Rule 17(c)(3), she provided no explanation for why the subpoena would be "unreasonable or oppressive." Without disclosing the motion's substantive details, the Court notes that the Defendant provides sufficient rationales to show that the production of the requested materials would not be unreasonable or oppressive. The materials have relevant evidentiary value to his defense and are critical to his ability to properly prepare for trial. He seeks materials that relate to an element of one of the charges against him.  These materials are specific, arise from a particular dates, would be admissible at trial, and are in the possession of third parties who will not turn them over without a subpoena. The request is also consistent with one of the purposes of Rule 17(c) - "to expedite the trial by providing a time and place *before trial* for the inspection of the subpoenaed materials." *Bowman Dairy Co.*, 341 U.S. at 220 (emphasis added). Finally, there is no reason to believe that defense counsel requested the subpoenas in bad faith or for an improper fishing expedition.[1]  Thus, the Defendant's requested subpoenas *duces tecum* are neither unreasonable nor oppressive. The alleged victim's objection is overruled.

---

[1] The Government raises concerns that the Defendant may improperly use information obtained through the subpoenas to harass alleged victims. Dkt. 283 at 10. However, the Court's Amended No Contact Order expressly bars the Defendant from direct and direct contact with specific alleged victims and a third party. Dkt. 312. Moreover, the Second Amended Protective Order in this case expressly bars the Defendant from disclosing personally

Nevertheless, based on the Defendant's representations in the motion to seal and file *ex parte*, Dkt. 272, the Government raises two objections about the propriety of issuing Rule 17(c) subpoenas that merit further discussion.

First, the Government contends that the Defendant cannot seek Rule 17(c) subpoenas for impeachment purposes, which is one of his stated reasons for seeking these subpoenas. Dkts. 283 at 9; 272 at 5-6. In *Nixon*, the Supreme Court noted that "[g]enerally, the need for evidence to impeach witnesses is insufficient to require its production in advance of trial." 418 U.S. at 701. "This is because the admissibility prong of Rule 17(c) cannot be fully assessed until the corresponding witness testifies at trial." *United States v. LaRouche Campaign*, 841 F.2d 1176, 1180 (1st Cir. 1988). But as Judge Payne observed in *United States v. King*, "where it is known with certainty before trial that the witness will be called to testify, the admissibility determination, within the meaning of *Nixon*, can be made before trial, and the statements properly may be considered evidentiary." 194 F.R.D. 569, 574 (E.D. Va. 2000). This is consistent with the purpose of Rule 17(c) – "to expedite the trial by providing a time and place before trial for the inspection of subpoenaed materials," *Nixon*, 418 U.S. at 689-99 – and *Nixon*'s requirement that material subpoenaed under Rule 17(c) be essential for trial preparation. *King*, 194 F.R.D. at 574 n.5. To be sure, some courts seem to read *Nixon* to entirely bar the use of Rule 17(c) to obtain material for impeachment purposes. *See, e.g.*, *United States v. Fields*, 663 F.2d 880, 881 (9th Cir. 1981). But others – included one other district court in this circuit – have adopted *King*'s language permitting Rule 17(c) subpoenas in the limited circumstance where it is already expected that a particular witness will be called to testify at trial. *See United States v.*

---

identifying information and other identifying or contact information about possible victims or witnesses to third parties. Dkt. 175 at ¶ 11. These orders should sufficiently protect against the misconduct that the Government is concerned about. Of course, if the Defendant violates these orders, the Court will take appropriate measures to protect witnesses and safeguard the administration of justice.

*Lester*, No. 1:17-00195, 2018 WL 3060036, at *7 (S.D. W.Va. June 19, 2018). The Fourth Circuit has not addressed this exception to the general rule against subpoenaing impeachment-related materials. Without such binding precedent, the Court adopts *King*'s persuasive logic. Because the Defendant seeks materials related to one of the alleged victims who this Court "has no doubt … will serve as a pivotal witness for the government," *Lester*, 2018 WL 3060036, at *7, the Defendant's Rule 17(c) subpoenas are permissible under these circumstances.[2]

Second, the Government argues that Fed. R. Crim. P. 17(h) could bar the issuance of the requested subpoenas (though the Government concedes it does not have enough information about the requested material to determine if it may fall within the scope of this rule). Dkt. 283 at 9. Rule 17(h) provides that "[n]o party may subpoena a statement of a witness or of a prospective witness under this rule. Rule 26.2 governs the production of the statement." Fed. R. Crim. P. 26.2 incorporates the Jencks Act, 18 U.S.C. § 3500, into the Federal Rules of Criminal Procedure. *See* Fed. R. Crim. P. 26.2's advisory committee's note to 1979 amendments; *United States v. Smith*, 31 F.3d 1294, 1301 n.6 (4th Cir. 1994). Rule 26.2 and corresponding provisions in the Jencks Act govern certain disclosure obligations related to the statements of Government witnesses. Rule 26.2(a) and 18 U.S.C. § 3500(b) articulate a procedure whereby after a Government witness testifies on direct examination, a defendant may file a motion for the Government to produce any statement of a Government witness that is in the Government's possession and relevant to the testimony's subject matter.[3] The Jencks Act also proscribes the use of subpoenas to obtain a statement or report "in the possession of the United States which was made by a Government

---

[2] It is also worth underscoring that the Defendant does not seek his subpoenas solely for impeachment purposes. As his motion to seal and file *ex parte* makes clear, he also seeks materials to undermine an element of one of the charged offenses. Dkt. 272 at 1.
[3] The procedure in Fed. R. Crim. P. 26.2(a) also applies to defense witnesses following direct examination.

6

witness or prospective Government witness … until said witness has testified on direct examination in the trial of the case." 18 U.S.C. § 3500(a).

Rule 17(c) subpoenas cannot be used to dodge Rule 26.2. But it does not appear that the Defendant is attempting such a maneuver. Indeed, in an *ex parte* supplement to his Rule 17(c) motion, the Defendant narrowed his request to exclude statements that might otherwise fall under Rule 26.2. Accordingly, the Court is satisfied that the Defendant does not improperly seek *Jencks* material.

**B. The Government may inspect subpoenaed materials**

A district court has discretion to determine who may inspect materials produced in response to a Rule 17(c) subpoena *duces tecum*. Fed. R. Crim. P. 17(c)(1) ("When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them."); *see also Beckford*, 964 F. Supp. at 1026 n.21. Here, the Defendant contends that any materials obtained through the subpoenas should "be provided directly to defense counsel unless and until the rules relating to disclosure require otherwise." Dkt. 272 at 7. The Government, on the other hand, requests that it be able to inspect the responsive materials. Dkt. 283 at 10-12.

Rule 17(c) provides no clear parameters for determining how to manage parties' access to subpoenaed materials. General principles of fairness suggest that even though an *ex parte* process may be necessary for a party to seek a Rule 17 subpoena under certain circumstances, "it does not follow that the defendant is entitled to strategic advantage or tactical surprise." *United States v. Sellers*, 275 F.R.D. 620, 625 (D. Nev. 2011). Here, the Government shall be allowed to inspect the documents to avoid providing the Defendant an unfair advantage. Still, to protect the

confidentiality of the Defendant's trial strategy, the underlying Rule 17(c) motion and supplemental filing will remain docketed under seal and *ex parte*.

Related to the access issue is the question of where responsive materials should be sent. Without divulging the substance of the proposed subpoenas, the Court notes that the Defendant has proposed requiring that materials be produced to the Federal Public Defender's Office in Charlottesville. However, Rule 17(c) requires that the materials be sent to the Court. Fed. R. Crim. P. 17(c)(1) ("The court may direct the witness to produce the designated items *in court* before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.") (emphasis added). Accordingly, the subpoenas shall list the Court Clerk's Office in Charlottesville as the place where responsive materials be produced. If and when responsive materials arrive, the Clerk of Court shall notify the parties that the materials are ready for their inspection.

## CONCLUSION

For the reasons provided, the Defendant's motion for Rule 17(c) subpoenas *duces tecum*, as modified by his *ex parte* supplemental brief, is **GRANTED**. The Court will enter an accompanying Order on this day.

Entered this __8th__ day of April, 2025.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE